**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **V.** | * | **CRIMINAL NO.  DKC-19-0602** |
| **RAYMONN SHELTON** | * | |

**MEMORANDUM AND ORDER**

Currently pending is Defendant's Emergency Motion to Reopen Detention Hearing and Set Conditions of Release ("Motion") (ECF No. 29) and Government's Response in Opposition to Defendant's Motion to Reopen Detention Hearing and Set Conditions of Release ("Opposition") (ECF No. 33-1).  For the reasons noted below, the court concludes that the pending Motion does not offer a basis for reconsideration of the detention order in this case and, accordingly, the Motion (ECF No. 29) is denied.

A detention hearing was held in this case on March 11, 2020 and the court entered an Order of Detention (ECF No. 17).  At the time of the detention hearing, the defendant was charged by indictment with Possession with Intent to Distribute Fentanyl in violation of  21 U.S.C. § 841.  The court detailed the reasons for detention in an Order of Detention:  (1) Nature of offense – fentanyl/weight of evidence; (2) History of weapons use; (3) Criminal record includes multiple convictions for PWID, handguns, attempted 2d degree murder; (4) Poor adjustment to  community supervision; VOPs every time on release - *On supervision at time of this offense.  (ECF No. 17).

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and

1

the community." The only new arguments presented in Defendant's Motion are: 1) the parole retake warrant that was pending at the time of the detention hearing has since been recalled and the parole case has been closed; 2) the defendant was transferred to FDC Philadelphia in May of 2020 as part of an effort to move detainees with health risks from CTF, which included the defendant who suffers from asthma; 3) FDC Philadelphia is the subject of a lawsuit concerning conditions there, including a COVID outbreak; and 4) the defendant is unable to assist counsel in preparation for his defense given limited access to the defendant.  (ECF No. 29 at 1-3).

The court has considered the new information presented by the defendant and concludes that it does not have a material bearing on the court's previous findings regarding the defendant's danger to the community.  When the court ordered detention in this case, it was based upon the overwhelming evidence proffered at the detention hearing, the defendant's criminal history and the fact that the defendant allegedly committed the instant offense while on community supervision. (ECF Nos. 17; 33 at 2-5). With respect to the arguments in defendant's Motion, the court notes that dismissal of the defendant's parole violation does not change the fact that he was on parole at the time of the offense or that he violated his probation virtually every time he was previously on community supervision. As to conditions at FDC Philadelphia, the defense has not provided any specific information to the court regarding the conditions there, or that the risks posed to the defendant by those conditions coupled with the defendant's asthma outweigh §3142 factors warranting the defendant's detention. And while the court is mindful that the pandemic has resulted in limitations on attorney-client communications for detained defendants, the defendant has made only general allegations that he is unable to assist counsel in preparation of his defense.  In sum, the defendant's generalized claims do not have a material bearing on the court's previous findings.   In addition, in rejecting the defendant's request for release, the court has also considered

the defendant's proposed conditions of release (ECF No. 29 at 3) and notes that they appear to be the same type of conditions of release which were previously proposed, and rejected, at defendant's original hearing.  Even the strictest of conditions of release to include a third party custodian, electronic monitoring and related conditions are inadequate to ensure the safety of the community.  The court concludes now, as it did at the defendant's detention hearing, by clear and convincing evidence, that there is no condition or combination of conditions which will reasonably assure the community's safety.[1]  Accordingly, Defendant's Motion (ECF No. 29) is denied.


Date:   March 2, 2021                                   _____/s/_____
                                                       Beth P. Gesner
                                                       Chief United States Magistrate Judge

---

[1] Defendant has not invoked the alternative basis for release under §3142(i) which may be ordered for "another compelling reason."   The court notes, however, that it has considered release under that provision as well.  The court has herein broadly employed the analysis suggested by the Fourth Circuit in United States v. Creek, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020) in considering COVID-19 based requests for temporary release under §3142(i), although the Creek order did not explicitly apply this analysis to other provisions of the Bail Reform Act.  See United States v. Gallagher, SAG-19-479 (D. Md.), ECF No. 45 at 6-7. Specifically, the court has concluded that the defendant's medical condition and the conditions at CDF do not rise to the level of a "compelling reason" warranting the defendant's temporary release under 18 U.S.C. §3142(i).